Guaranty Trust Company of New York, complainant,

*v.*

Newark and Hackensack Traction Company, defendant.

[Submitted October 27th, 1944. Decided January 4th, 1945.]

On appeal from a decree of the Court of Chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"This action was commenced in 1903 to foreclose a mortgage given to secure bearer bonds of the par value of $500,000. Pursuant to decree of foreclosure, the mortgaged property was

sold the same year for $60,000. After paying the expenses of litigation and the trustee's commissions, there remained, out of the money raised by the sale, a balance of $53,779, which was turned over to the complainant as trustee under the mortgage. The trustee made a calculation of the amount of the fund applicable to each bond and then proceeded to make payment on presentation of the bonds. The latest payment was made June 4th, 1909, after which there remained in its hands $3,053 for the holders of $30,700 of bonds and coupons. During the thirty-five years that have since run, no more bonds have been presented to the trustee and no payments from the fund have been made. None of the bonds had been registered, and the names of the holders of the outstanding bonds are unknown.

"The foreclosure decree reserved to the parties liberty, at any time, to apply to the court for further order or direction touching the disposition of the money raised by the sale. Under this leave, Public Service Co-ordinated Transport now files its petition. It shows that it is the successor of Hudson River Traction Company, the holder of $435,100 of the bonds which were turned in and on which was paid a ratable part of the fund, and it prays that the balance still in the hands of the trustee be distributed among it and the other bondholders who deposited their bonds.

"Petitioner relies on *Louisville and Nashville Railroad* v. *Robin, 135 Fed. Rep. (2d) 704.* In that case, which much resembled the one now before me, bondholders who had been paid out of the proceeds of sale a fraction of the amount due them, obtained a distribution of the balance of the proceeds which had remained unclaimed during sixty years. The court said:

" 'This money does not appear to have been adjudicated to belong to any particular person who has failed to claim it, as is contemplated in *28 U. S. C. A.,* § *852* (providing for payment into the treasury of moneys unclaimed for five years). It is a fund set apart for distribution to a class or classes, to wit, the first mortgage bondholders and coupon holders. If some of the class do not appear to claim their share, it goes to the other members of the class.'

"Petitioner points out that the decree in the present case did not ascertain the amount to be paid on each bond, or to each bondholder, but merely determined the total amount of principal and interest due to the trustee on all the bonds. Yet the action of the trustee in·setting apart, by calculation, the amount due on each bond, had much the same effect on the bondholder's rights as a decree of distribution would have had. The trustee thereby entered into a special relationship of trust with each bondholder, known or unknown, in respect to the sum so allocated. The ·money set apart belonged to them severally in equity. *In re Central New Jersey Land, &c., Co., 113 N. J. Eq. 332.* The petitioner had title to, and it received the moneys allocated to its bonds, but it has no interest in the rest of the money. The balance, which is still in the hands of the trustee, belongs to the unknown bondholders. The fundamental question is, whether the improbability of the unknown bondholders ever asserting their title after the lapse of forty years should lead the court to disregard their title. In my opinion, it should not. I know of no principle of law or equity which permits the petitioner to take this fund which belongs to others.

"Petition dismissed."

*Mr. Joseph V. Suter* (*Mr. Bernard Cowen,* of counsel), for the appellant.

*Messrs. Hobart, Minard & Cooper* (*Mr. Frederick G. Watson,* of counsel), for the respondent.

PER CURIAM.

The decree under review will be affirmed, for the reasons stated in the opinion of Vice-Chancellor Bigelow.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.